**Aziz SHIBLEE, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–40881–ag.**

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Salim Sheikh, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Andrew J. Lay, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

## SUMMARY ORDER

Petitioner Aziz Shiblee, a native of Bangladesh, seeks review of an October 14, 2003 order of the BIA affirming the March 20, 2002 decision of Immigration Judge ("IJ") Ronald G. Sonom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aziz Shiblee*, No. A 73 041 247 (B.I.A. Oct. 14, 2003), *aff'g* No. A 73 041 247 (Immig. Ct. N.Y. City March 20, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Here substantial evidence supports the IJ's adverse credibility determination because Shiblee openly admitted that the documents and statements he presented to the asylum officer during his interview were fabricated in order to obtain a work permit. Such willful misrepresentations, even if disavowed at his subsequent asylum hearing, are material and go to the heart of Shiblee's claims. As the IJ noted, Shiblee made detailed statements during his credible fear interview about his fabricated story that were not contained in his original asylum application, indicating that he had planned his misrepresentations well in advance of his interview.

Furthermore, substantial evidence supports the IJ's finding that there were inconsistencies between Shiblee's testimony that he was illiterate and not politically involved with his father's letter, which indicated that he had completed "higher education" and that he was politically active. In addition, a reasonable adjudicator would not be compelled to find contrary to the IJ's finding that Shiblee's testimony that he did not have a Bangladeshi passport was contradicted on cross examination when he was presented with a copy of what appeared to be his passport. The IJ also reasonably rejected Shiblee's explanation that he stated that he did not have an official passport because the one he had was fake, where (1) Shiblee had submitted the document as proof of his identity to the asylum office and (2) he had renewed the "fake" passport in 1995. Because sufficient substantial evidence supports the adverse credibility determination, we can confidently predict that the IJ would have reached the same conclusions despite any errors. *See Xiao Ji Chen*, 434 F.3d at 162.

■ Finally, we lack jurisdiction to review petitioner's arguments regarding withholding and CAT relief because these arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust

the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments). Although Shiblee mentioned that he had been denied withholding and CAT relief in the "introduction", "conclusion" and "statement of the facts" sections of his brief to the BIA, he made no argument that he was eligible for those types of relief.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).